UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCHWEGMANN FAMILY TRUST NO. 2     CIVIL ACTION

VERSUS     NO. 06-4675

CIRCUIT CITY STORES, INC., ET AL     SECTION "K"(2)

## ORDER AND OPINION

Before the Court is the "Motion for Leave to Take 30(b)(6) Deposition of Circuit City" filed on behalf of plaintiff Schwegmann Family Trust No. 2 ("Trust"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

Trust is the successor in interest to a 20 year land lease between Schwegmann Giant Super Markets and Circuit City Stores, Inc. ("Circuit City") for property located at I-10 and Bullard Road. Pursuant to the lease Circuit City constructed a retail store on the property which is designated as Location 4500. Clause 15(b) of the lease provides, in pertinent part that:

> (b) Forty Percent (40%) or More Following Ten Lease Years. In the event of fire, hurricane, flood, earthquake or other casualty causing destruction or damage to the Improvements which both (I) has a repair and reconstruction cost of forty percent (40%) or more of the then-total reconstruction cost of the Improvements and (ii) occurs following the first ten (10) Lease Years, Tenant shall have the option of terminating this Lease.

More than ten (10) years after the commencement of the lease, the property sustained significant damage during Hurricane Katrina. On September 26, 2005, Circuit City terminated its lease with Trust. Thereafter, Trust filed suit against Circuit City to, among other things, enforce the lease and repair the building.

Rodd Kippen, an expert retained by Circuit City, prepared a report dated July 25, 2006 estimating the cost to repair the building to be $4,019, 288.00.  On January 14, 2008, Mr. Kippen issued another report estimating the cost to repair the building to be $2,938,000.00.  Thereafter Mr. Kippen prepared a third estimate dated March 12, 2008, in which he estimates the repair costs to be $3,060,000.00.

Plaintiff seeks to take the 30(b)(6) deposition of defendant Circuit City to obtain additional information concerning "certain Circuit City inter-office e-mails from September 2005."  (Doc. 202-2, p. 1). Trust urges that the emails provide "insights into Circuit City's decision-making process regarding whether to repair Store 4500 or terminate the Lease and rebuild a Circuit City store in a new location." (Doc. 202-2, p. 4).   Plaintiff contends that the emails are relevant to Circuit City's motive for obtaining from Rodd Kippen three separate estimates concerning the cost to repair the building.

## LAW AND ANALYSIS

Circuit City's motive for electing to terminate the lease is not dispositive of the issue of whether Circuit City breached its lease with Trust.  The salient inquiry with respect to whether Circuit City breached the  lease is whether the cost to repair the store exceeds forty percent (40%) of the total reconstruction cost.  If the cost to repair the store exceeds forty percent (40%) of the total reconstruction cost, then Circuit City's termination of the lease does not constitute a breach of the lease.  Where a lessee is entitled to terminate the lease and abandon the property, the lessee's motive for exercising its legal right to terminate the lease is not material.  *See Bostick v. Wood*, 620 So.2d 297, 302 (La. App. 5th Cir. 1993).

However, Circuit City's motive for terminating the lease could arguably be relevant to its expert's calculation of the cost of repairs.  At best such relevance is attenuated.  Whatever the relevance of Circuit City's motive to the calculation of the repair costs, the Court concludes that the probative value of the evidence of Circuit City's motive for terminating the lease is substantially outweighed by the unfair

prejudice of such evidence, and therefore any such evidence would be inadmissible under Rule 403 of the Federal Rules of Evidence.

Moreover, excluding evidence of Circuit City's motive for terminating the lease does not deprive plaintiff of the opportunity to cross-examine Mr. Kippen concerning his reason for preparing three different cost estimates for repairing the Store 4500 or his relationship with Circuit City. Accordingly, because the September 2005 emails would not be admissible evidence, the Court denies Trust leave to take Circuit City's 30(b)(6) deposition.

New Orleans, Louisiana, this 9th day of July, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE