UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCHWEGMANN FAMILY TRUST NO. 2**               **CIVIL ACTION**

**VERSUS**                                       **NO. 06-4675**

**CIRCUIT CITY STORES, INC., ET AL**             **SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment" filed on behalf of defendant Circuit City Stores, Inc.(Doc. 148). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

Schwegmann Family Trust No. 2 is the successor in interest to a 20 year land lease between Schwegmann Giant Super Markets and Circuit City Stores, Inc. ("Circuit City") for property located at I-10 and Bullard Road  Pursuant to the lease Circuit City constructed a retail store on the property which is designated as Location 4500. Clause 15(b) of the lease provides, in pertinent part that:

> (b) Forty Percent (40%) or More Following Ten Lease Years. In the event of fire, hurricane, flood, earthquake or other casualty causing destruction or damage to the Improvements which both (I) has a repair and reconstruction cost of forty percent (40%) or more of the then-total reconstruction cost of the Improvements and (ii) occurs following the first ten (10) Lease Years, Tenant shall have the option of terminating this Lease.

More than ten (10) years after the commencement of the lease, the property sustained significant damage during Hurricane Katrina. On September 26, 2005, Circuit City terminated its lease with Trust. Thereafter, Trust filed suit against Circuit City to, among other things, enforce the lease. Pursuant to

Clause 36 of the lease Trust also seeks attorney's fees and costs from Circuit City.[1]

Circuit City filed a motion for partial summary judgment on Trust's claim for attorney's fees contending that as of May 8, 2008 "the Trust had not incurred any attorney's fees or expenses in connection this matter, had no written agreement for its representation by attorneys in this matter, and had produced no evidence of any damages actually incurred as attorney's fees in this matter. (Doc. 148, p. 1).

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or

---

[1] Clause 36 provides in pertinent part:
> **(e)Attorney's Fees.** In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, [and/or] to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable and actual attorney's fees and costs thoughall levels of proceedings.

denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U .S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In seeking summary judgment, Circuit City relies upon the deposition testimony of John Schwegmann, Trust's designated representative for its 30(b)(6) deposition. Mr. Schwegmann testified that he did not have a clear recognition of whether the Trust had a written representation agreement with Fowler Rodriguez for this litigation, and that he was uncertain of any amounts which the Trust may have paid to it counsel. (Doc. 148-5, p. 66-67 3). Additionally, Mr. Schwegmann testified that he was not aware of any invoices that Fowler Rodriguez had sent to Trust and that he was unaware of any cancelled checks being issued by the trust for legal fees. (Doc. 148-5, p. 72).

In response to Circuit City's motion Antonio Rodriguez, counsel for Trust, submitted an affidavit establishing that as of June 10, 2008, Trust has incurred "approximately $254,930.68 in fees and costs, and that $134,214.89 "has been paid out of the account derived from Trust No. 2's rental payments from its leases, which have been collected by Capital One Bank of New Orleans on behalf of the mortgage holder, John Hancock Life Insurance Company." (Doc. 174-4).

Mr. Rodriguez's affidavit is sufficient to raise a genuine issue of material fact, thereby precluding

a grant of summary judgment. Accordingly, defendant's motion is DENIED.

New Orleans, Louisiana, this 14th day of July, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE