UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCHWEGMANN FAMILY TRUST NO. 2**                **CIVIL ACTION**

**VERSUS**                                        **NO. 06-4675**

**CIRCUIT CITY STORES, INC., ET AL**              **SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion in Limine to Exclude Any Evidence of the Costs Associated With Building Circuit City Store 4135"(Doc. 205) filed on behalf of plaintiff Schwegmann Family Trust No. 2 ("Trust"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

Trust is the successor in interest to a 20 year land lease between Schwegmann Giant Super Markets and Circuit City Stores, Inc. ("Circuit City") for property located at I-10 and Bullard Road. Pursuant to the lease Circuit City constructed a retail store on the property which is designated as Location 4500. Clause 15(b) of the lease provides, in pertinent part that:

> (b) Forty Percent (40%) or More Following Ten Lease Years. In the event of fire, hurricane, flood, earthquake or other casualty causing destruction or damage to the Improvements which both (i) has a repair and reconstruction cost of forty percent (40%) or more of the then-total reconstruction cost of the Improvements and (ii) occurs following the first ten (10) Lease Years, Tenant shall have the option of terminating this Lease.

More than ten (10) years after the commencement of the lease, the property sustained significant damage during Hurricane Katrina. On September 26, 2005, Circuit City terminated its lease with Trust. Thereafter, Trust filed suit against Circuit City to, among other things, enforce the lease and have Circuit City repair the building.

The critical inquiry with regard to Trust's claim for breach of lease is whether the cost to repair

the hurricane damage is forty percent (40%) or more of the reconstruction cost of the building.

To establish the cost of reconstructing the Store 4500 Circuit City intends to introduce evidence of the costs associated with the construction of Circuit City Store 4135 between January 2007 and June 2007. Trust seeks to exclude any evidence of the costs associated with the construction of Store 4135 contending that the evidence is not relevant because Store 4135 and Store 4500 differ in design, location, and time of construction.

The affidavit of John Mulleady, Vice-President Construction for Circuit City establishes that the "concept, size, purpose, and intent" of both stores are "nearly identical" and "utilize common design and construction elements." Doc. 228-2, p. 3. Trust has not offered any evidence disputing the similarity of the size, design and construction of the two stores.

Because Store 4500 and 4135 are substantially similar for construction purposes, the Court finds that evidence concerning the costs associated with the construction of Store 4135 is relevant, and that the probative value of the evidence is not" substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Therefore, the challenged is admissible. Plaintiff will have the opportunity during cross-examination of defendant's witnesses to develop testimony as to the differences between the two stores which would impact the reconstruction costs for Store 4500 as well as differences, if any, in construction costs due to the time frame for construction of Store 4135.

New Orleans, Louisiana, this 31st day of July, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE