UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCHWEGMANN FAMILY TRUST NO. 2**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　**NO. 06-4675**

**CIRCUIT CITY STORES, INC., ET AL**　　　　　　　**SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion *In Limine* To Exclude Plaintiff's Trial Exhibits" filed on behalf of defendant Circuit City Stores, Inc. ("Circuit City)(Doc. 233). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **GRANTS** the motion in part and **DENIES** it in part.

The Court makes the following rulings with respect to the following exhibits:

1. Plaintiff's Exhibits 4-H, 4-I, and 4-J: These exhibits are letters addressing the tender of insurance proceeds to Schwegmann Family Trust No. 2 ("Trust") from various insurers of Store 4500 for damages sustained by that property as a result of Hurricane Katrina. Circuit City contends that the exhibits are not relevant, and that even if they are relevant they should be excluded as cumulative because the pretrial order lists as an "uncontested material fact" that "Circuit City tendered the amount of $395,000.00 received from the Store 4500 insurers. The Trust accepted the $395,000,000 as well an additional payment of $732,269.00 made by the Store 4500 insurers for a total of $1,127,269." The letters are not relevant to any question of fact to be decided by the jury. The issue of whether Circuit City may be entitled to a credit for the insurance payments previously tendered to plaintiffs is a question of law to be decided by the Court. Moreover, it is uncontested that the insurers of Store 4500 have tendered $1,127,269 to plaintiff as payment for damages sustained by Store 4500 as a result of Hurricane Katrina. The challenged exhibits do not provide any additional relevant information. Therefore, defendant's objection to these exhibits is

sustained.

     2. Plaintiff's Exhibit 9: The Court overrules defendant's objection to Don Kotter's estimate of the costs to repair Store 4500. The evidence is relevant. During defendant's cross examination of Mr. Kotter, defendant may challenge Mr. Kotter's use of construction costs during the third quarter of 2007 in preparing his exhibit; however, such a challenge goes to the weight to be accorded Mr. Kotter's estimate, not the admissibility of the estimate. Moreover, considering the Court's previous denial of plaintiff's motion to exclude evidence of the costs associated with building Circuit City Store 4135, the admission of this evidence is not inconsistent with other evidence regarding construction costs.

     3. Plaintiff's Exhibit 10: The Court sustains defendant's objections to this exhibit; neither the letters nor the document listing the projects performed by Woodrow Wilson construction are admissible. However, Kurt Wilson may testify concerning his estimate of the cost of reconstructing Store 4500 as well has his prior experience in constructing commercial buildings.

     4. Plaintiff's Exhibit 14: Plaintiff has filed no opposition to excluding this exhibit; therefore, the Court sustains defendant's objection to this exhibit.

     New Orleans, Louisiana, this 1st day of August, 2008.

                                                        STANWOOD R. DUVAL, JR.
                                                      UNITED STATES DISTRICT JUDGE